**SO ORDERED.**

**SIGNED this 30 day of July, 2007.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:                                                          CASE NO.

**GLADYS LOUISE HAMILTON,**                       07-01634-8-JRL

        **Debtor.**

## ORDER

The matter before the court is the debtor's motion to set aide dismissal. For the reasons that follow, the motion will be denied.

On May 2, 2007, the debtor filed for relief under Chapter 13. On May 3, 2007, the court sent the debtor a deficiency notice for missing schedules and statements, noting that the case would be subject to automatic dismissal pursuant to 11 U.S.C. § 521(i) if the required documents were not timely filed.[1] On June 18, 2007, the court entered an order stating that the case was automatically dismissed, pursuant to § 521(i), on the 46th day after the filing of the petition for failure to provide documents required by § 521(a).

---

[1] Section 521(i)(1) provides, in relevant part, that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

On June 25, 2007, the debtor filed a motion to reinstate the case, contending that it was due to the neglect of her attorney and no fault of her own that the amended schedules were not filed. As Judge Small noted in In re Woodard, Case No. 05-06092-5-ATS (Bankr. E.D.N.C. Feb. 9, 2006), "there is no provision other than § 521(i)(4) that gives the court the authority not to dismiss the case if the required documents are not filed." Specifically, § 521(i)(4) provides that, on the motion of the trustee made within the 45-day period, the court may decline to dismiss the case under certain circumstances. In this case, like in Woodard, the trustee did not file a motion prior to the expiration of the 45-day period, and the trustee has not indicated that the best interest of creditors would be served by administration of the estate. Accordingly, the court does not find any authority to support the debtor's request.

Based on the foregoing, the debtor's motion to set aside dismissal is denied.

**END OF DOCUMENT**